## DINSMORE *v.* SOUTHERN EXPRESS COMPANY AND GEORGIA RAILROAD COMMISSION.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 136. Argued Febuary 25, 1901.—Decided November 18, 1901.

This suit was brought in the Circuit Court of the United States for the Southern District of Georgia, by citizens of New York against the Southern Express Company, a corporation of Georgia, and the Railroad Commission of that State, to prevent the company from applying any of its moneys to meet the requirements of the War Revenue Act of June 13, 1898, in relation to adhesive stamps to be placed on bills of lading, etc. The Circuit Court having enjoined the commission from proceedings, appeal was taken to the Circuit Court of Appeals, which reversed that decree, and ordered the case to be dismissed. The case was then brought to this court and submitted here on February 25, 1901. On the 2d of March, 1901, an act was passed, (to take effect July 1, 1901), excluding express companies from the operation of the War Revenue Act of 1898. *Held:*

(1) That no actual controversy now remains or can arise between the parties.

(2) That as the order of the Circuit Court of Appeals, directing the dismissal of the suit, accomplishes a result that is appropriate in view of the act of 1901, this court need not consider the grounds upon which the court below proceeded, nor any of the questions determined by it or by the Circuit Court, and that the judgment must be affirmed without costs in this court.

THE case is stated in the opinion of the court.

*Mr. William K. Miller* and *Mr. Frank H. Miller* for Dinsmore.

*Mr. Joseph M. Terrell* for the Railroad Commissioners.

*Mr. Fleming G. Du Bignon* filed a brief for the Southern Express Company.

MR. JUSTICE HARLAN delivered the opinion of the court.

William B. Dinsmore and others, citizens of New York—some of them being executors and trustees under the will of the late William B. Dinsmore of that State—brought this action on the 17th day of April, 1897, in the Circuit Court of the United States for the Southern District of Georgia against the Southern Express Company, a corporation of Georgia, having its principal place of business in that State, and also against L. N. Trammell, Thomas C. Crenshaw and Spencer R. Atkinson, constituting the Railroad Commission of Georgia, and Joseph M. Terrell, Attorney General of Georgia, the individual defendants being citizens of Georgia.

The plaintiffs sued as owners and holders of shares of stock in the defendant express company, and sought a decree that would prevent the application by that corporation of any of its moneys to meet the requirement of the War Revenue Act of June 13, 1898, c. 448, in relation to adhesive stamps to be placed upon bills of lading, manifests or other evidences of the receipt of goods for carriage or transportation.

The portion of that act to which the bill referred is the following:

"EXPRESS AND FREIGHT: It shall be the duty of every railroad or steamboat company, carrier, *express company*, or corporation or person whose occupation is to act as such, to issue to the shipper or consignor, or his agent, or person from whom any goods are accepted for transportation, a bill of lading, manifest or other evidence of receipt and forwarding for each shipment received for carriage and transportation, whether in bulk or in boxes, bales, packages, bundles, or not so enclosed or included; and there shall be duly attached and cancelled, as is in this act provided, to each of said bills of lading, manifests or other memorandum, and to each duplicate thereof, a stamp of

the value of one cent: *Provided*, that but one bill of lading shall be required on bundles or packages of newspapers when inclosed in one general bundle at the time of shipment. Any failure to issue such a bill of lading, manifest or other memorandum, as herein provided, shall subject such railroad or steamboat company, carrier, express company, or corporation or person to a penalty of fifty dollars for each offence, and no such bill of lading, manifest or other memorandum shall be used in evidence unless it shall be duly stamped as aforesaid." 30 Stat. 448, 459.

After the passage of the above act complaint was made by citizens of Georgia to the Railroad Commission of that State to the effect that the defendant express company required shippers or consignors to supply the requisite stamps for bills of lading or receipts given to them. The Commission thereupon, July 11, 1898, ordered that the Southern Express Company appear before it on the 18th day of July, 1898, "then and there to show cause, if any it can; why it should not be held to have violated the rules and regulations of this Commission by the exactions or overcharges, as aforesaid, and why suit should not be instituted against it in every case of such overcharges for the recovery of the penalty provided by law for such illegal act."

The company appeared and denied the jurisdiction of the Commission. But on August 2, 1898, the Commission, after hearing the parties, ordered that the required stamp be supplied by the express company, and not by shippers in whole or in part.

Appropriate allegations having been made to show that the suit was not a collusive one to confer on a court of the United States jurisdiction of the case, of which it would not otherwise have cognizance, the relief asked was—

That it be adjudged and decreed that the order of the Railroad Commission of the State of Georgia of August 2, 1898, requiring the express company to pay the amount of the war revenue tax on business from one point to another in the State without endeavoring to collect the same from shippers, or requiring them to make the payment thereof before the issuing

of receipts or bills of lading, was unconstitutional, null and void; that the express company, its officers and agents be restrained from voluntarily complying with the order of the Commission of August 2, 1898, and paying such tax; that the Attorney General of the State be restrained from instituting any suit against the express company for the purpose of enforcing the provisions of the above order of the Railroad Commission; that a perpetual injunction, of the same purport, tenor and effect be granted to complainants; and that the plaintiffs have such other and further relief in the premises as the nature of the case required and to a court of equity might seem meet.

The Railroad Commissioners and the Attorney General of the State severally demurred to the bill. The case having been argued upon the demurrers, Judge Speer delivered an opinion which is reported in 92 Fed. Rep. 714.

That opinion was accompanied by the following order, entered March 7, 1899: "It is now upon consideration ordered, adjudged and decreed that the prayer that the Southern Express Company be enjoined from voluntarily paying the war-stamp tax in question be, and the same is hereby, denied; ordered, adjudged and decreed further that the defendants, the Railroad Commission of Georgia, and each member thereof, to wit, the individual defendants, Leander N. Trammell, Thomas C. Crenshaw, Jr., and Spencer R. Atkinson, be, and the same are hereby, enjoined from any and all order, direction, action or legal steps instituting or tending to institute, and from any and all proceedings for the recovery of the penalties named in the statute of Georgia in that behalf to enforce compliance with its said order against the Southern Express Company, its officers or agents, as threatened in the order of said commission, dated August 2, 1898, for the reason that said order is null and void, and said commission has no jurisdiction to adjudge and designate the party who shall pay said tax." The court in its opinion said: "It is not deemed necessary to enjoin the Attorney General, for it is presumed that the eminent lawyer, who is the official head of the bar of the State, will, without such injunction, accord all appropriate respect to the decision of the court."

Upon appeal to the Circuit Court of Appeals the decree of the Circuit Court was reversed, June 7, 1900, with directions to dismiss the case, Judge McCormick delivering the opinion of the court, Judge Shelby dissenting. 102 Fed. Rep. 794.

The case was thereupon brought to this court upon writ of certiorari, and was submitted for decision at the last term.

After the submission of the case in this court the above part of the War Revenue Act of 1898 relating to stamps to be attached to bills of lading, manifests, etc., was amended in important particulars by an act of Congress approved March 2, 1901, c. 806. One amendment, which took effect on and after July 1, 1901, provided that the above part of the act of 1898 should be amended to read as follows:

" FREIGHT : It shall be the duty of every railroad or steamboat company, carrier or corporation, or person whose occupation is to act as such, *except persons, companies or corporations engaged in carrying on a local or other express business,* to issue to the shipper or consignor, or his agent, or person from whom any goods are accepted for transportation, a bill of lading, manifest or other evidence of receipt and forwarding for each shipment received for carriage and transportation, whether in bulk or in boxes, bales, packages, bundles, or not so inclosed or included; and there shall be duly attached and cancelled, as is in this act provided, to each of said bills of lading, manifest or other memorandum, and to each duplicate thereof, a stamp of the value of one cent: *Provided,* That but one bill of lading shall be required on bundles or packages of newspapers when inclosed in one general bundle at the time of shipment. Any failure to issue such a bill of lading, manifest or other memorandum, as herein provided, shall subject such railroad or steamboat company, carrier or corporation, or person to a penalty of fifty dollars for each offence, and no such bill of lading, manifest or other memorandum shall be used in evidence unless it shall be duly stamped as aforesaid." 31 Stat. 938, 945.

This change in the law renders it unnecessary to consider any of the important questions determined in the Circuit Court and Circuit Court of Appeals under the act of 1898. The object of this suit was to prevent the enforcement of the order of

the Railroad Commission based upon its construction of that act. But whatever might be now held as to the meaning and scope of the act of 1898 as applied to express companies, the amendatory statute of 1901, in declaring what companies, corporations and persons shall attach the required stamp to bills of lading, manifests and receipts for goods or other property to be transported, distinctly excludes express companies. So that no actual controversy now remains or can arise between the parties. The plaintiffs do not need any relief, because the act of 1901 accomplishes the result they wished.

Although this cause was determined in the Circuit Court of Appeals and was submitted here prior to July 1, 1901, our judgment must have some reference to the act of 1901. In *United States* v. *Schooner Peggy*, 1 Cranch, 103, 109, the Chief Justice, delivering the opinion of the court, said : " It is in general true that the province of an appellate court is only to inquire whether a judgment when rendered was erroneous or not. But if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. If the law be constitutional, and of that no doubt in the present case has been expressed, I know of no court which can contest its obligation." *Mills* v. *Green*, 159 U. S. 651, 653 ; *New Orleans Flour Inspector* v. *Glover*, 160 U. S. 170 ; *Same* v. *Same*, 161 U. S. 101.

If the cause had not been submitted in the Circuit Court of Appeals until after the act of 1901 took effect, that court, we apprehend, would have dismissed the suit upon the ground that by the operation of that legislation the whole subject-matter of litigation had disappeared and that the order of the Railroad Commission, even if orignally valid, ceased to have any effect. The question whether the express company or the shipper was required by the act of 1898 to furnish the required stamp, as well as the question whether the Railroad Commission had any power to make the order of which complaint is made, would thus have become immaterial, and the dismissal of the suit would have resulted without any reference to the merits of the case as affected by the act of 1898.

As the order of the Circuit Court of Appeals directing the dismissal of the suit accomplishes a result that is appropriate in view of the act of 1901, we need not consider the grounds upon which that court proceeded, or any of the questions determined by it or by the Circuit Court, and

*The judgment must be affirmed without costs in this court, and it is so ordered.*