## UNITED STATES v. HEINRICH.

(Circuit Court of Appeals, Ninth Circuit. November 15, 1926.)

No. 4892.

Appeal and error ⬥854(2)—Reasons assigned for judgment not reveiwable.

An appellate court sits in review of final judgments, and not of opinions, and, if a judgment itself is correct, will not inquire into the reasons assigned therefor.

In Error to the District Court of the United States for the District of Montana; Charles N. Pray, Judge.

Action at law by the United States against Frank M. Heinrich. Judgment for defendant, and the United States brings error. Affirmed.

For opinion below, see 12 F.(2d) 938.

Wellington D. Rankin, U. S. Atty., Francis A. Silver, and Albert Anderson, Asst. U. S. Atty., all of Helena, Mont., and Ethelbert Ward, Sp. Asst. Atty. Gen., for the United States.

W. M. Johnston and H. J. Coleman, both of Billings, Mont., for defendant in error.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

RUDKIN, Circuit Judge. Section 8 of the Act of June 4, 1920 (41 Stat. 754), provides, among other things, that:

"All expenditures for irrigation work on the Crow reservation, Montana, heretofore or hereafter made, are hereby declared to be reimbursable under such rules and regulations as the Secretary of the Interior may prescribe and shall constitute a lien against the land benefited, regardless of ownership, and including all lands which have heretofore been sold or patented."

The present action was instituted by the United States to recover the aggregate amount of several annual charges imposed by the Secretary of the Interior upon or against certain lands owned by the defendant, pursuant to the authority thus conferred. A demurrer to the complaint was sustained by the court below, and the government electing to stand on its complaint and refusing to plead further, a judgment of dismissal was entered. The demurrer was sustained upon the ground that the statute imposing the liability is unconstitutional and void. United States v. Heinrich (D. C.) 12 F.(2d) 938. The case has been brought here by writ of error.

After the entry of the judgment in the court below, section 8 of the Act of June 4, 1920, supra, was amended by the Act of May 26, 1926 (44 Stat. 660). The amendatory act provides, that any allotment or part of allotment provided for thereunder, irrigable from any irrigation system now in existence or hereafter constructed by the government on the reservation, shall bear its pro rata share, computed on a per acre basis, of the expenditures made from tribal funds that

were used in constructing such systems, where the Indians in council had not specifically approved such expenditures, and all moneys except gratuities expended on the construction of such irrigation systems out of the appropriations from the treasury of the United States, the amount so in the aggregate to be borne to be ascertained and proclaimed by the Secretary of the Interior.

It was conceded on the argument before this court that the act of 1926 has superseded the act of 1920, and that there can be no recovery in this action, based as it is on the earlier statute. But, while conceding that the complaint states no cause of action, and that the judgment itself is correct, the government insists that it should not hereafter be confronted by an adjudication of the court below, based upon the ground that the earlier act is unconstitutional and void. But this court sits in review of final judgments, not of opinions, and, if the judgment itself is conceded to be correct, we cannot and will not inquire into the reasons assigned therefor. As said by the Supreme Court in Dinsmore v. Southern Express Company, 183 U. S. 115, 121, 22 S. Ct. 45, 47 (46 L. Ed. 111):

"As the order of the Circuit Court of Appeals directing the dismissal of the suit accomplishes a result that is appropriate in view of the act of 1901, we need not consider the grounds upon which that court proceeded, or any of the questions determined by it or by the Circuit Court, and the judgment must be affirmed without costs in this court; and it is so ordered."

A similar order or judgment will be entered here.