**KNUDSEN et al. v. LEE & SIMMONS, Inc.**
No. 222, Docket 20540.

Circuit Court of Appeals, Second Circuit.

July 21, 1947.

Abraham M. Fisch, of New York City, for plaintiffs-appellees.

Hagen & Eidenbach, of New York City (Charles W. Hagen and Henry C. Eidenbach, both of New York City, of counsel), for defendant-appellant.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiffs brought this action to recover compensation for overtime and liquidated damages under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. From a judgment rendered in their favor against Lee & Simmons, Inc., their employer, the latter has appealed on the ground that they were "seamen" and as such of a class of employees exempt from the application of the Act.

Sections 206 and 207 of 29 U.S.C.A. prescribe minimum standards for wages and hours in respect to employees engaged in commerce or in the production of goods for commerce, and Section 213(a) (3) provides that Sections 206 and 207 shall not apply to "any employee employed as a seaman."

The plaintiffs were bargees employed on lighters of the defendant, Lee & Simmons, Inc. These lighters were used to transport cargo unloaded from steamships and taken to wharves in New York Harbor and conversely to carry cargo from piers in the harbor for loading on ships. None of them was self-propelling. All were towed about the harbor.

The case at bar was tried before Judge Knox without a jury. He rendered an opinion in which he found that the lighter Jupiter—on which the plaintiff Knudsen was employed—had been engaged, during 181 of the 313 days in which it was in the service of the defendant, in loading and discharging cargo and that Knudsen's maritime duties, such as inspecting and cleaning the lighter, attending to her lines and occasionally pumping her out, occupied only 15 to 20 minutes a day. The rest of his time was spent in hiring and paying longshoremen to load or discharge the lighter, in operating the hoist on the vessel in order to load or discharge cargo, in acting as a signal man, when some one else operated the hoist, in tallying cargo and seeing it was properly stowed. His ordinary hours for work on the lighter were from 8 a. m. to 5 p. m. He was generally not on board nights, but went home at the end of the day except in some instances when the vessel was towed from one point in the harbor to another during the night or was full of cargo and had to be watched during the night. Under the foregoing circumstances Judge Knox concluded that the maritime duties were only "incidental to the stevedoring work in which Knudsen is primarily engaged." He added that the performance of the maritime duties "should not, in the light of the other and more onerous tasks to which Knudsen devotes

the far greater part of his time, be held to transform a harbor worker into a man whose main calling is the sea."

In support of his conclusion Judge Knox cited our decisions in Anderson v. Manhattan Lighterage Corp., 2 Cir., 148 F.2d 971, certiorari denied 326 U.S. 722, 66 S.Ct. 27, 90 L.Ed. 428, and Wm. Spencer & Son Corp. v. Lowe, 2 Cir., 152 F.2d 847, which seem directly in point. In both decisions situations like the present were distinguished from the facts before us in United States Lighterage Corp. v. Hoey, 2 Cir., 142 F.2d 484, where the exemption of seamen under the Social Security Act, 42 U.S.C.A. § 301 et seq., and not the Fair Labor Standards Act, was involved, and where different administrative regulations had been promulgated. The regulations applicable to the present case were considered in Anderson v. Manhattan Lighterage Corp. and also referred to in Wm. Spencer & Son Corp. v. Lowe, and in each case were held not to exempt bargees whose main duties resembled those of stevedores and were outside of those of seamen engaged principally in caring for their barges. In the Anderson case, as here, the employees' proofs indicated that 95% of their work was like that of longshoremen.

The contention of counsel for appellant that Interpretative Bulletin No. 11 § 6 renders the Fair Labor Standards Act inapplicable to the plaintiffs because they are seamen is plainly erroneous.

Interpretative Bulletin No. 11 § 3, § 5 and § 6,* when read together, make it clear that a bargee like Knudsen was not a seaman within the meaning of the Act because the services he rendered were not primarily an aid in the operation of the barge as a means of transportation and a substantial amount of those services was in non-exempt work, not primarily nor even secondarily an aid to navigation.

In respect to Knudsen's coplaintiffs, DeVries and Victor, Judge Knox found that they "for similar reasons * * * are also entitled to recover." DeVries, like Knudsen, testified that 95% of the time that he was on his barge—"Silas"—his work was similar to that of a stevedore. As he put it, he "worked with the longshoremen and taking care of the cargo" (fol. 369). It seems unnecessary to discuss the

---

* [Scope of Employment]

3. An employee will ordinarily be regarded as "employed as a seaman" if he performs, as master or subject to the authority, direction and control of the master aboard a vessel, service which is rendered primarily as an aid in the operation of such vessel as a means of transportation, provided he performs no substantial amount of work of a different character. In our opinion, this exemption extends to employees performing such service on vessels navigating inland waters as well as on ocean-going and coastwise vessels.

[Stevedore Occupations Excepted]

5. The exemption does not extend to employees working aboard vessels whose service is not rendered primarily as an aid in the operation of the vessel as a means of transportation. Thus employees on floating equipment who are engaged in the construction of docks, levees, revetments or other structures, and employees engaged in dredging operations or in the digging or processing of sand, gravel or other materials are not employed as "seamen." For the same and other reasons, stevedores and longshoremen are not regarded as "seamen." Similarly, stevedores or roustabouts travelling aboard a vessel from port to port whose principal duties require them to load and unload the vessel in port would not themselves come within the exemption even though during the voyage they may perform from time to time certain services of the same type as those rendered by other employees who would be regarded as seamen under the Act. However, an employee employed as a seaman would not be outside the exemption simply because, as an incident to that employment, he assists in the loading or unloading of baggage or freight at the beginning or end of a voyage.

[Barge Employees Excepted]

6. Barge tenders on non-self-propelled barges who perform the normal duties of their occupation, such as attending to the lines and anchors, putting out running and mooring lines, pumping out bilge water, and other similar activities necessary and usual to the navigation of barges, are considered seamen within this exemption unless they do a substantial amount of nonexempt work. Loading and unloading and activities relative thereto will be considered nonexempt work. Employees on seagoing barges would also seem to be employed as seamen.

details of his testimony for it would add nothing to what we have said as to Knudsen. Victor, who worked on the barge "Chester," testified that on some occasions he operated the hoist and at other times helped with the hook, checked the cargo, hired longshoremen and paid them off. He added that in an average work week of 48 hours, his maritime duties in connection with the barge occupied 15 or 20 minutes a day.

In view of the record before Judge Knox and his findings we think he properly held that the plaintiffs were not exempt as seamen within the meaning of the Fair Labor Standards Act.

The judgment awarding them recovery for overtime should accordingly be affirmed.