## WEBSTER–BRINKLEY CO. v. BELFIELD.
### No. 11680.

Circuit Court of Appeals, Ninth Circuit.

March 12, 1948.

Catlett, Hartman, Jarvis & Williams, of Seattle, Wash., for appellant.

Charles H. Heighton and Leo W. Stewart, both of Seattle, Wash., for appellee.

Before MATHEWS, HEALY and ORR, Circuit Judges.

PER CURIAM.

This appeal is from a judgment obtained by appellee, Thomas R. Belfield, against appellant, Webster-Brinkley Company, in an action by appellee and John G. Foster against appellant under §§ 7(a) and 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 207(a) and 216(b). The judgment was for $4,347.40 ($2,173.70 as unpaid overtime compensation and an additional equal amount as liquidated damages), with attorneys' fees and costs.

■ The case was tried by the court without a jury. One of the issues was whether appellee, while employed by appellant, was or was not an employee in a bona fide executive or administrative capacity.[1] On this issue, the trial court did not make any finding. It should have done so.[2]

■ This appeal was taken prior to the enactment of the Portal-to-Portal Act of 1947, 29 U.S.C.A. §§ 251–262. The trial court, therefore, had no opportunity to exercise the discretion vested in it by § 11 of the Portal-to-Portal Act, 29 U.S.C.A. § 260. We think it should have such an opportunity.[3]

---

[1] See § 13(a) (1) of the Fair Labor Standards Act, 29 U.S.C.A. § 213 (a) (1).

[2] See Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[3] Cf. Alaska Juneau Gold Mining Co. v. Robertson, 331 U.S. 793, 67 S.Ct. 1728; 149 Madison Avenue Corp. v. Asselta, 331 U.S. 795, 67 S.Ct. 1726; Lassiter v. Guy F. Atkinson Co., 9 Cir., 162 F.2d 774; Id., 9 Cir., 166 F.2d 144.

Judgment vacated and case remanded with directions to (1) make and file findings on all factual issues, including the issue mentioned above; (2) take such action, if any, as the court deems proper under § 11 of the Portal-to-Portal Act, 29 U.S.C.A. § 260; and (3) enter such judgment as it deems proper.