### SOUTHERN CALIFORNIA FREIGHT LINES v. DAVIS et al.

### DAVIS et al. v. SOUTHERN CALIFORNIA FREIGHT LINES.

#### No. 11435.

Circuit Court of Appeals, Ninth Circuit.
April 20, 1948.

H. J. Bischoff, of San Diego, Cal., for appellant Southern California Freight Lines.

David Sokol and William Strong, both of Los Angeles, Cal., for appellants Davis et al.

Before MATHEWS, BONE, and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellants are enaged in the transportation business which includes the transportation of goods, wares and merchandise, machinery and materials, to manufacturing concerns within the state of California, who use such transported materials for the production of goods for interstate commerce.

Appellees Jay C. Davis and Julian R. Felix, are employed by appellant as body builders in the building and repair of automotive bodies. The remaining appellees were employed by appellant in the servicing of automotive equipment used by it in its transportation business. Appellees brought this action to collect wages alleged to be due them for hours worked in excess of the work weeks established by sections 7 (a) (1) (2) (3) of the Fair Labor Standards Act, 29 U.S.C.A. § 207(a) (1–3).

Appellant defended upon the ground that its employees do not come within the provisions of the Fair Labor Standards Act because the work performed for it by them did not constitute a substantial part of work in interstate commerce. As a further defense appellant contends that, in the event it be held a substantial part of said work was in interstate commerce, the automotive mechanics are exempt from the provisions of the Fair Labor Standards Act under § 13(b) of said Act, 29 U.S.C.A. § 213(b), because their duties affect safety of operation and the Interstate Commerce Commission has power to establish qualifications and maximum hours of service for them pursuant to the provisions of § 204 of the Motor Carrier Act of 1935, 49 U.S.C.A § 304.

The trial court found that the automotive mechanics and the body repairmen spent 7% of their total time each week in work necessary to the production and transportation of goods in interstate commerce; and that the 7% of the total activities of the automotive mechanics affected safety of operation in interstate commerce. The court concluded as a matter of law that appellees spent a substantial period of their total time each week in work devoted to interstate commerce and thus came within the terms of the Fair Labor Standards Act. It concluded further that the 7% of the activities of the automotive mechanics which affected safety of operation in interstate commerce was not sufficient to bring said mechanics within the exemption of § 13(b).

The trial court gave judgment for overtime compensation and liquidated damages for the period from October 24, 1938 until February 3, 1943, the date of filing the complaint, but refused to allow recovery of overtime compensation and liquidated damage for the period subsequent to the filing of the complaint.

Appellant challenges the sufficiency of the evidence to support the finding that appellees spent 7% of their total time each week in work necessary to the production of goods in interstate commerce, or in the

transportation thereof. It was stipulated that the automotive mechanics worked a part of each week, during the period covered by the complaint, repairing trucks used to haul materials to and from companies manufacturing for interstate commerce; that 7% of appellant's total business was in connection with such transportation; that the body repairmen, during each and every week, repaired bodies of trucks used in transportation of merchandise in interstate commerce, and that 7% of appellant's total business was in connection with such transportation. The assistant to the president of appellant corporation testified that all employees of the company performed work on all equipment; that items of both interstate and intrastate commerce were carried without segregation of shipment and the same employees handled both kinds of traffic without separation for record purposes.

■ The stipulation and other testimony before the court sustain its conclusion that the quantum of the employees' activities in connection with interstate commerce was 7%. Appellant contends the trial court was confined to the four corners of the stipulation as to the evidence it could receive and consider. We do not agree. The stipulation relieved the parties from proving the facts therein set forth. The admission into evidence of additional material and relevant facts was proper for a full understanding of the issues and the clarification of terms used in the stipulation.

■ Having found that 7% of the employees' activities were devoted to interstate commerce, the trial court correctly concluded that such activities in interstate commerce were sufficiently substantial to invoke the overtime provision of the Fair Labor Standards Act, unless such activities fall within one of the exemptions of said Act.

Section 13(b) of the Fair Labor Standards Act provides in subsection b that the provisions of § 7 shall not apply to employees with respect to. whom the Interstate Commerce Commission has power to establish qualifications and maximum hours

of service pursuant to the provisions of § 204 of the Motor Carriers Act of 1935.

Section 204(a) of the Motor Carriers Act provides: "It shall be the duty of the Commission [Interstate Commerce Commission] to regulate common carriers by motor vehicles as provided in this part, and to that end the Commission may establish reasonable requirements with respect to continuous and adequate service, transportation of baggage and express, uniform systems of accounts, records, and reports, preservation of records, qualifications and maximum hours of service of employees, and safety of operation and equipment."

■ We conclude that the Interstate Commerce Commission has the power under § 204 of the Motor Carriers Act of 1935 to establish the qualifications and maximum hours of service of the employees of the Southern California Freight Lines who are automotive mechanics and that the overtime provisions of the Fair Labor Standards Act do not apply to such employees in the light of the exemption in § 13(b) of that Act. In fact, appellees conceded this at the oral argument.

The trial court found that 7% of the total activities of the automotive mechanics were in connection with interstate commerce, and that said 7% of their activities affected safety of operation. The trial court then concluded that this percentage was not sufficient to bring the mechanics within the exemption of § 13(b). The judgment in this case was rendered prior to the opinions of the Supreme Court in the cases of Levinson v. Spector Motor Service, 330 U.S. 649, 67 S.Ct. 931, 944, and Morris v. McComb, 332 U.S. 422, 68 S.Ct. 131.

In the Levinson case, it was held that it is "the character of the activities rather than the proportion of either the employees' time or of his activities that determines the actual need for the Commission's [Interstate Commerce Commission] to establish reasonable requirements with respect to qualifications, maximum hours of service, safety of operation and equipment". In Morris v. McComb, supra, the Supreme Court held that the Interstate Commerce

Commission had the power to establish qualification and maximum hours of service for drivers and mechanics, 4% of whose total activities were devoted to interstate commerce and affected safety of operation, and that § 7 of the Fair Labor Standards Act was not applicable to said employees. Hence, the Interstate Commerce Commission has power to fix qualifications and maximum hours of service for the mechanics in the instant case, 7% of whose activities are devoted to interstate comerce and affect safety of operation. No contention is made that the body repairmen are concerned with safety of operations and, therefore, not subject to the provisions of the Fair Labor Standards Act.

 The refusal of the trial court to permit recovery of overtime compensation for the period subsequent to the filing of the complaint, is challenged by employees. The complaint and amended complaint sought recovery for the period from October 24, 1938 to the date of filing the complaint. The trial court held that in the then-existing state of the record, the pleadings were not sufficient to warrant such recovery. However, the court gave leave to the employees to file a supplemental complaint, on motion duly made, in order to properly present the issues. The employees failed to avail themselves of this privilege. Hence, we decline to disturb the court's ruling.

Counsel for appellees have requested this court to award them reasonable attorney's fees for services rendered upon this appeal. Inasmuch as the greater part of the judgment obtained in the trial court is reversed, we think the compensation awarded is ample under the circumstances for all services rendered.

The judgment entered in favor of the following named appellees is reversed: Pack, Bird, Tyo, Jensen, Nicolay, Cassano, Mitchener, Rapp, Arnold, Cusey, Smith and Bash.

The judgment awarding overtime compensation to Davis and Felix is affirmed.

With respect to the award of liquidated damages under § 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), to Davis and Felix, the situation is the same as the one that confronted us in Webster-Brinkley Co. v. Thomas R. Belfield, decided by this court on March 12, 1948. Subsequent to the entry of judgment in this case and the appeal therefrom, Congress passed the Portal-to-Portal Act, 29 U.S.C.A. § 260, which, in § 11 thereof, gives the trial court discretion to enter judgment for liquidated damages. The trial court has had no opportunity to exercise this discretion. The judgment awarding Davis and Felix liquidated damages is vacated and remanded with directions to the trial court to take such action, if any, as it deems proper under § 11 of the Portal-to-Portal Act, 29 U.S.C.A. § 260, and to enter such judgment relative to liquidated damages as it deems proper.