**ASSELTA et al. v. 149 MADISON AVE.
CORPORATION et al.**

District Court, S. D. New York.
July 1, 1948.

414

Duberstein & Ninkoff, of New York City By Frederick E. Weinberg, of New York City, for plaintiffs.

Joseph Caine, of New York City By McLanahan, Merritt & Ingraham and Robert R. Bruce, all of New York City, for defendants.

Tom C. Clark, Atty. Gen., By John F. X. McGohey, U. S. Atty. and Louis Mansdorf, both of New York City, for Intervener United States.

BONDY, District Judge.

On December 31, 1945 this court rendered a decision in favor of the plaintiffs in an action brought by them to recover overtime compensation, liquidated damages and attorneys' fees solely pursuant to Sections 7(a) and 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 207(a) and 216(b). Asselta v. 149 Madison Avenue Corporation, D.C., 65 F.Supp. 385. The judgment of the court, entered March 8, 1946, was affirmed by the Circuit Court of Appeals for the Second Circuit, 156 F.2d 139, and its judgment by the Supreme Court on May 5, 1947. Madison Ave. Corp. v. Asselta, 331 U.S. 199, 67 S. Ct. 1178, 169 A.L.R. 1293, 91 L.Ed. 1432. On May 14, 1947 the Portal-to-Portal Act was approved. 29 U.S.C.A. § 251 et seq. On June 16, 1947, on motion of defendants, timely made, the Supreme Court modified its judgment of affirmance entered on May 5, 1947 "so as to provide that the judgment of the Circuit Court of Appeals is affirmed and the cause is remanded to the District Court with authority in that Court to consider any matters presented to it under the Portal-to-Portal Act of 1947, approved May 14, 1947, 61 Stat. 84." 331 U.S. 795, 67 S.Ct. 1726, 67 L.Ed. 1822.

Plaintiffs now move for an order under which the mandate of the Supreme Court shall be made the order and judgment of this court and awarding to the plaintiffs the recovery of amounts due them as taxed and fixing the amount of plaintiffs' attorneys' fees for services rendered by them in this action since the entry of the judgment of this court on March 8, 1946, and the defendants move for an order permitting them to amend their amended answer herein by adding thereto defenses provided in Sections 9 and 11 of the Portal-to-Portal Act, staying the entry of final judgment in the action upon the mandate of the Supreme Court until the hearing and determination by this court of the aforesaid defenses, staying the issuance of execution on the judgment entered herein and setting a date for the hearing by this court of the aforesaid defenses.

Section 9 of the Portal-to-Portal Act provides that in any action or proceeding commenced prior to or on or after May 14, 1947 based on any act or omission prior to May 14, 1947, no employer shall be subject to any liability on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq., if he pleads and proves that the act or omission was in good faith in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interpretation, of any agency of the United States, or any administrative practice or enforcement policy of any such agency with respect to the class of employers to which he belonged.

Section 11 provides that in any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Act, the court may, in its sound discretion relieve the employer of the payment of any liquidated damages or award any part thereof not in excess of a specified amount.

The constitutionality of the retroactive provisions of Sections 9 and 11 of the Portal-to-Portal Act having been questioned by the plaintiffs, the United States has intervened and filed a brief in support of the constitutionality of the Act.

On November 24, 1947 the parties stipulated that the defendants employed and paid the plaintiffs throughout their several employment periods, between April 20,

1942 and up to and including December 10, 1943, the period involved herein, in good faith, in conformity with and in reliance on an administrative regulation, order, ruling, approval and interpretation of an agency of the United States and also on an administrative practice and enforcement policy of an agency of the United States with respect to the class of employers to which the defendants belonged, and that defendants employed and paid plaintiffs throughout their several employment periods, in good faith and had reasonable grounds for believing that their conduct in so employing and paying plaintiffs was not a violation of the Fair Labor Standards Act of 1938, as amended. This stipulation left for the consideration of the court solely the question of the constitutionality of Sections 9 and 11 of the Portal-to-Portal Act.

Plaintiffs contend that the Portal-to-Portal Act which became effective May 14, 1947 can not affect a judgment which was entered in this court on March 8, 1946 and was affirmed by the Supreme Court on May 5, 1947, and that, in any event, plaintiffs' claims constitute vested property rights of which they can not be deprived retroactively by Congress.

■ In their complaint plaintiffs allege causes of action based solely on the Fair Labor Standards Act. The claims were created by Congress in the exercise of the paramount and plenary power delegated to it by the Constitution to regulate interstate commerce in the interest of public welfare. These claims, whether or not they are considered the right to property or property, being purely statutory in origin, and affecting interstate commerce, may be modified or destroyed by Congress at any time before they have been reduced to unreviewable final judgments without violating due process of law. This is true though the obligations under the Fair Labor Standards Act are imposed on the employer as a part of the employment contract. For these reasons among others it has repeatedly and almost invariably been held by the courts that the retroactive features of the Portal-to-Portal Act are constitutional and must be applied to actions brought before and pending at the time when the Act became effective. See Rogers Cartage Co. v. Reynolds, 6 Cir., 166 F.2d 317, 321; Seese v. Bethlehem Steel Co., 4 Cir., 168 F.2d 58, affirming D.C., 74 F.Supp. 412, and cases cited; Darr v. Mutual Life Ins. Co. Of New York, D.C., 72 F.Supp. 752, now on appeal to Circuit Court of Appeals for the Second Circuit; Holland v. General Motors Corporation, D.C., 75 F.Supp. 274; Hollingsworth v. Federal Mining & Smelting Co., D.C., 74 F.Supp. 1009.

The authorities relied on by the plaintiffs are distinguishable. The dominant power of Congress to regulate interstate commerce in the public interest, unfettered by past legislation or contracts between individuals affecting the public welfare were not involved in any of them.

■ The plaintiffs' contention that the judgment which was entered in this court and affirmed by the Circuit Court and the Supreme Court established vested property rights protected by the Fifth Amendment of which they can not be deprived by congressional legislation can not be sustained. A complainant has not any vested right in the decree of the district court while it is subject to review. See American Steel Foundaries v. Tri-City Council, 257 U.S. 184, 201, 42 S.Ct. 72, 66 L.Ed. 189, 27 A.L.R. 360; Watts; Watts & Co. v. Unione Austriaca Navigazione, Etc., 248 U.S. 9, 21, 39 S.Ct. 1, 63 L.Ed. 100, 3 A.L.R. 323; State of Louisiana ex rel. Folsom v. Mayor, Etc., of the City of New Orleans, 109 U.S. 285, 291, 3 S.Ct. 211, 27 L.Ed. 936; National Carloading Corp. v. Phoenix-El Paso Express, 142 Tex. 141, 176 S.W.2d 564, 570, certiorari denied, 322 U.S. 747, 64 S.Ct. 1156, 88 L.Ed. 1578; Dinsmore v. Southern Express Co., 183 U.S. 115, 120, 22 S.Ct. 45, 46 L.Ed. 111. In Carpenter v. Wabash Ry. Co., 309 U.S. 23, 27, 60 S.Ct. 416, 418, 84 L.Ed. 558, the Supreme Court quoted with approval the statement of Chief Justice Marshall in United States v. Schooner Peggy, 1 Cranch 103, 110, 2 L.Ed. 49: "It is in the general true that the province of an appellate court is only to inquire whether a judgment when rendered was erroneous or not. But if, subsequent to the judg-

ment, and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied * * * In such a case the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside."

In Guadalupe Barbosa Ferrer v. Waterman S. S. Corp., 1 Cir., 76 F.Supp. 601, it was specifically held that a judgment of the district court awarding overtime compensation under the Fair Labor Standards Act was not final in the sense that the plaintiffs acquired a vested right therein which could not be affected by subsequent enactment of the Portal-to-Portal Act.

Had the Supreme Court concluded that the judgment of this court could not be affected by subsequent legislation, it is reasonable to believe that it would not have modified its affirmance of the judgment upon a timely motion made for such relief and would not have remanded the matter to this court for further proceedings, a practice also resorted to by it in Alaska Juneau Gold Mining Co. v. Robertson, 331 U.S. 793, 67 S.Ct. 1728, 91 L.Ed. 1821. See Southern California Freight Lines v. Davis, 9 Ciir., 167 F.2d 708, 711; Webster-Brinkley Co. v. Belfield, 9 Cir., 166 F.2d 814.

Plaintiffs' motion to make the mandate of the Supreme Court the order and judgment of this court and the defendants' motion for leave to amend their amended answer and to stay execution on the judgment of this court pending determination of their defenses, are granted. Plaintiffs' motion for judgment is denied.

■ The plaintiffs' motion made June 18, 1948 to be relieved from their stipulation dated November 24, 1947 and to vacate the order entered therein, is granted. In view of the fact that the district court, circuit court of appeals and Supreme Court indicated that the formula was not followed by the defendants, the court is of the opinion that in the interests of justice the stipulation should be set aside and the important fact determined judicially whether the defendants come within the release from liability under Sections 9 and 11, notwithstanding plaintiffs' long delay which has not resulted in any change of position by any party.

NOTE: Yesterday, and since this opinion was written, the Darr case, supra, has been affirmed by the Circuit Court of Appeals, 169 F.2d 262.