**KNUDSEN et al. v. LEE & SIMMONS, Inc.**

Docket 20540.

United States Court of Appeals
Second Circuit.

Oct. 26, 1948.

Hagen & Eidenbach, of New York City, for movant.

Abraham M. Fisch, of New York City, in opposition.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

PER CURIAM.

This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., in which the plaintiffs obtained a judgment which this court affirmed on July 21, 1947. Knudsen et al. v. Lee & Simmons, 2 Cir., 163 F.2d 95. The appeal was argued before the passage of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., and our opinion made no reference to it. The appellant petitioned for a rehearing and directed attention to the new statute which went into effect May 14, 1947. On August 21, 1947 the petition for rehearing was denied but it was "further ordered that the cause be remanded to the District Court with authority in that Court

to consider and adjudicate any matters that may be presented to it under the Portal to Portal Act of 1947 by the parties." Thereafter our mandate was issued during the 1946 term. It recited not only our affirmance of the judgment but also the above quoted order remanding the cause to the District Court.

The present motion to recall and amend the mandate or in the alternative to clarify it is based on Webster-Brinkley Co. v. Belfield, 9 Cir., 166 F.2d 814, and Bay Ridge Operating Co. v. Aaron, 334 U.S. 446, 68 S.Ct. 1186. The Supreme Court's opinion concluded, 334 U.S. at page 477, 68 S.Ct. at page 1203, as follows:

"The Circuit Court ordered the case remanded to the District Court for determination of the amounts due respondents in accordance with its opinion. By a further order, it allowed the District Court to consider any matters presented to it by petitioners as a defense in whole or in part under the Portal-to-Portal Act. We modify these orders so as to permit the District Court to allow any amendments to the complaint or answer or any further evidence that the District Court may consider just.

"As so modified the judgment of the Circuit Court of Appeals is affirmed."

█ We regard the addendum to our order of August 21, 1947 denying the petition for rehearing but remanding the cause as the equivalent of the Supreme Court's action in the Bay Ridge case. Certainly that was our intention; and the direction to the District Court "to consider and adjudicate" any matters that may be presented by the parties under the Portal-to-Portal Act appears to us plainly sufficient to authorize that court to allow such amendments to the pleadings and such further evidence as may be required for the directed adjudication. Nevertheless, if we still had jurisdiction we should be willing to conform our order and mandate to the exact language of the Supreme Court in the Bay Ridge case; but our power to recall the mandate, except to correct clerical errors or to counteract fraud, ended when the October 1947 Term began. Nachod v. Engineering & Research Corp., 2 Cir., 108 F.2d 594; Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 244 and 256, 64 S.Ct. 997, 88 L.Ed. 1250. Accordingly the motion must be denied. However the views expressed in this opinion should set at rest the appellant's fears that the District Court lacks power to adjudicate defenses based on the Portal-to-Portal Act. Indeed, that court has already allowed amendments to the appellant's answer to set up such defenses. See Knudsen v. Lee & Simmons, 2 Cir., 167 F.2d 320. Despite the words of affirmance in our mandate, the order of remand above quoted gives the District Court full power to enter any judgment which the new statute may authorize including vacation of the former judgment if that be necessary.

Motion denied.