Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, (Successor to Marshall), Plaintiff-Appellee,

v.

NEKTON, INC., Defendant-Appellant.

No. 82–5541.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 4, 1983.

Decided April 14, 1983.

William E. Dysart, Dale & Lloyd, La Jolla, Cal., defendant-appellant.

Barbara E. Kahl, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before ANDERSON and FARRIS, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

The Secretary of Labor (Secretary) filed an action to enjoin Nekton, Inc. (Nekton) from violating the overtime compensation provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (FLSA). The Secretary also seeks unpaid overtime compensation for "marine technicians" and "electronics technicians" employed aboard Nekton's oceanographic research vessels.

The district court found Nekton in violation of the FLSA, and Nekton appeals.

The sole issue is whether marine technicians and electronic technicians aboard oceanographic research vessels are "seamen" within the meaning of 29 U.S.C. § 213(b)(6) and therefore exempt from the overtime compensation provisions of the FLSA.

*Facts*

Nekton is a California corporation which performs oceanographic, seismological, and geological research principally for govern-

---

* The Honorable Gus J. Solomon, United States District Judge for the District of Oregon, sitting by designation.

ment agencies and oil companies. Nekton owns three oceanographic research vessels (ORV's), all of which are under United States registry. The vessels collect data but have no laboratories on board. Most of Nekton's surveys are conducted off the coasts of the United States and Mexico.

Nekton's ORV's normally carry no passengers other than Nekton's employees and the client's technical representative, and no cargo or equipment other than that necessary for the surveys to be conducted. On a typical coastal survey, the ORV is manned by a crew of twelve to fifteen members. The crews generally include a captain, mate, engineer, navigator, cook and deckhands. They also include marine and electronic technicians.

When an ORV is moored, Nekton pays all the crew members overtime compensation as required by the FLSA, but when the crew is working at sea, Nekton does not pay them extra compensation for overtime.

Marine and electronic technicians are paid monthly salaries and receive a salary differential for sea duty. They do not need merchant mariners' documents, and do not sign shipping articles before they serve on an ORV. The district court described their duties as follows:

> MARINE TECHNICIAN: assists in launching and recovering seismic sound-generating devices and sound-listening devices; monitors seismic instruments; occasionally stands bridge and in-port anchor watches; assists in mooring and anchoring; assists the cook.
>
> ELECTRONIC TECHNICIAN: maintains and repairs seismic instruments and shipboard electrical and electronic equipment; assists in launching and recovering seismic sound-gathering devices and sound-listening devices; monitors seismic instruments; occasionally stands bridge and in-port anchor watches; assists in mooring and anchoring; assists the cook.

The district court also found that all crew members occasionally perform other tasks required for the general operation of the vessel as an ORV. But when a survey is conducted far from the ORV's home port, a smaller crew takes the ORV to its destination, and the marine and electronic technicians are flown to the ORV before the survey begins.

The district court found that the primary duties of the marine technicians are to launch and retrieve the seismic gear, and to operate the seismic recorders. The district court also found that the primary duties of electronic technicians are to maintain the electronic and seismic gear, the ship's radio, and to assist the ship's engineer to repair the ship's gear.

Based on these findings, the district court concluded that Nekton's marine and electronic technicians are "part of the ship's scientific team" and are not exempt as seamen from the overtime provisions of the FLSA. The court noted that it is Nekton's burden to prove that its employees are exempt, and that the term "seaman" has been interpreted to refer to:

> one who performs as a master or subject to the authority, direction, and control of a master aboard a vessel, service which is rendered primarily as an aid in the operation of a vessel as a means of transportation and who performs no substantial amount of work of a different character.

Conclusions of Law 2. The district court found that the principal activities of Nekton's marine and electronic technicians are not of a "nautical nature," but their purpose was to "aid in the performance of seismic surveys." They are not "seamen."

The district court also stated that the ORV Act, codified at 46 U.S.C. § 444 required it to hold that scientific personnel were not seamen.[1] Although the ORV Act does not mention the FLSA, the district court held that the exclusion of scientists

---

1. 46 U.S.C. § 444 states:

   § 444. Scientific personnel not considered seamen

   Scientific personnel on an oceanographic research vessel shall not be considered seamen under the provisions of title 53 of the Revised Statutes and Act amendatory thereof or supplementary thereto.

from the "seamen" category applies to the FLSA.[2]

The court ordered Nekton to pay overtime compensation to its marine and electronic technicians, and enjoined Nekton from future violations of the FLSA.

### Analysis

The premium overtime compensation provisions of 29 U.S.C. § 207 do not apply to "any employee employed as a seaman." 29 U.S.C. § 213(b)(6). Therefore, the applicability of the overtime provisions to marine and electronic technicians depends on whether these employees are "seamen" within the meaning of the FLSA.

■ An employer who claims an exemption from the FLSA has the burden of showing that the exemption applies:

Any exemption from [the FLSA] must therefore be narrowly construed, giving due regard to the plain meaning of statutory language and the intent of Congress. To extend an exemption to other than those plainly and unmistakably within its terms and spirit is to abuse the interpretative process and to frustrate the announced will of the people.

*A.H. Phillips, Inc. v. Walling,* 324 U.S. 490, 493, 65 S.Ct. 807, 808, 89 L.Ed. 1095 (1945); *accord, Mitchell v. Kentucky Finance Co.,* 359 U.S. 290, 295, 79 S.Ct. 756, 759, 3 L.Ed.2d 815 (1959).

The FLSA does not expressly define "seaman"; but that term has been interpreted both in the regulations and by the courts. Under 29 C.F.R. § 783.31, the term applies only to an employee who aids "in the operation of [the] vessel as a means of transportation, provided he performs no substantial amount of work of a different character."

Here, the primary duties of the marine and electronic technicians did not aid the operation of the ORV as a means of transportation. The technicians did occasionally stand watch, assist in ship maintenance, serve as messmen or operate the ship's shore boat, but as the district court found "[t]he evidence adduced by the defendant at

trial did not show that such additional duties were performed by defendant's marine technicians on a regular basis or other than incidental to the employees' primary duties."

■ One does not become a "seaman" under the FLSA merely because he performs services aboard a vessel on navigable water. Bargees who spent most of their time loading and discharging cargo were held by the FLSA not to be exempt from the overtime compensation provisions merely because they spent a small part of their time engaged in maritime duties. *Knudsen v. Lee & Simmons, Inc.,* 163 F.2d 95 (2d Cir.1947). Persons employed aboard movable dredges who occasionally performed maritime duties were held not to be seamen under the FLSA if they spent most of their time doing industrial work. *Sternberg Dredging Co. v. Walling,* 158 F.2d 678 (8th Cir.1947); *see* 29 C.F.R. § 783.33; *see also Marshall v. Woods Hole Oceanographic Inst.,* 458 F.Supp. 709 (D.Mass.1978).

Nekton may be correct that exempting some employees and not others who sometimes perform identical work at the same time on the same ORV vessel may create significant problems. But those are problems which should be addressed to Congress and the agencies charged with the administration of the applicable laws and not to the Courts.

Under FLSA, seamen are exempt from provisions of the Act although the Act does not define "seamen." The regulations require that to be a seaman, one must render service primarily as an aid to the operation of the vessel as a means of transportation and not perform substantial work of a different character, 29 C.F.R. § 783.31 and § 783.33.

■ The exemption must be narrowly construed, and the burden is on the employer to prove it. The district court found that the marine and electronic technicians were "part of the ship's scientific team" and that their primary duties were to operate and

---

**2.** We express no views concerning the correctness of this alternate ground for decision.

**1152**

care for the electronic and seismic gear and seismic recorders.

 The district court found that these employees were not exempt and that they were subject to the overtime provisions of the FLSA. We agree with the court's analysis of the law and the regulations, and we also agree with the court's findings of fact, all of which were amply supported by the evidence.

AFFIRMED.