Larry WORTHINGTON, Roger Cameron, David Davey, and Gerald Kent, Plaintiffs-Appellants, Cross-Appellees,

v.

ICICLE SEAFOODS, INC., a Washington corporation, Defendant-Appellee, Cross-Appellant.

Nos. 84–3647, 84–3669.

United States Court of Appeals, Ninth Circuit.

Aug. 8, 1986.

Carlson F. Eller, Tacoma, Wash., for plaintiffs-appellants, cross-appellees.

Clemons H. Barnes, Eric Rosenquist, Graham & Dunn, Seattle, Wash., for defendant-appellee, cross-appellant.

Before WRIGHT, SNEED and ALARCON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

We initially reversed the district court's determination that plaintiffs were "seamen" and not entitled to overtime benefits under the FLSA. *Worthington v. Icicle Seafoods, Inc.*, 749 F.2d 1409 (9th Cir. 1984). The Supreme Court vacated because we had improperly applied a *de novo* standard of review to the underlying factual issue of whether these employees were "seamen." *Icicle Seafoods, Inc. v. Worthington*, — U.S. —, 106 S.Ct. 1527, 1529, 89 L.Ed.2d 739 (1986).

By our order of June 12, 1986, 791 F.2d 802, we affirmed the judgment of the district court. The mandate issued pursuant to that order was recalled on July 14, 1986 pending disposition of the appellants' petition for rehearing. Upon our request for a

memorandum in opposition to the petition, the defendant-appellee has filed and we have considered its opposition. Upon reconsideration, rehearing is granted, and we remand to the district court.

The Court did not reverse our legal determination of what constitutes a "seaman." *See id.* 106 S.Ct. at 1530 ("If [the Court of Appeals] believed ... that the proper rule of law was misapplied to those findings, it could have reversed the District Court's judgment. But it should not simply have made factual findings on its own").

Labor regulations define a "seaman" as an employee who performs "service which is rendered primarily as an aid in the operation of [a] vessel as a means of transportation, provided he performs no substantial amount of work of a different character." 29 C.F.R. § 783.31. This circuit adopted that definition in *Donovan v. Nekton, Inc.,* 703 F.2d 1148, 1151 (9th Cir.1983).

The district court did not rely on either the federal regulations or on *Donovan.* Instead it defined "seaman" as a person who "performed work of a maritime character on navigable waters." *See Worthington v. Icicle Seafoods, Inc.,* 749 F.2d 1409, 1411 (9th Cir.1984). This definition is clearly at odds with ours, *see id.* at 1412, and can only create confusion in future litigation. To clarify this issue, we remand for the district court to find whether plaintiffs are "seamen" within the correct definition of the term.

■ On remand, the district court should determine whether the plaintiffs performed a "substantial amount of work of a different character." "For enforcement purposes, ... such differing work is 'substantial' if it occupies more than 20 percent of the time worked by the employee during the workweek." 29 C.F.R. § 783.37. If the district court finds that more than 20 percent of the plaintiffs' work was not rendered to aid the operation of the vessel as a means of transportation, then plaintiffs were not "seamen" and are entitled to overtime compensation under the FLSA.

The district court incorrectly determined that plaintiffs were also excluded from overtime benefits because they participated in the "first processing" of fish at sea. *See* 29 U.S.C. § 213(a)(5). According to 29 C.F.R. § 784.31, the FLSA exemption for "first processing" applies only when the processing is done on the catcher vessel. The legal definition was further discussed in our opinion. 749 F.2d at 1412–13.

The district court found that the fish or shellfish processed on the ARCTIC STAR were harvested by other vessels. *Worthington v. Icicle Seafoods, Inc.,* No. C82–1464–R, slip op. at 2–3 (W.D.Wash. Jan. 31, 1984). But it also found that:

6. Each of the Plaintiffs was employed on board the ARCTIC STAR and therefore was employed in the first processing of fish or shellfish at sea in conjunction with the fishing operations of catching, taking, or harvesting fish or shellfish.

*Id.* at 3.

■ Since the district court found that the fish were not caught by the ARCTIC STAR, its Finding of Fact No. 6 is clearly erroneous. We hold, as a matter of law, that the plaintiffs were not engaged in first processing at sea and, therefore, are not excluded from overtime benefits by 29 U.S.C. § 213(a)(5).

On remand, the district court also should determine whether Plaintiff Cameron was properly excluded from overtime benefits because he was employed as a "bona fide executive" within the meaning of 29 U.S.C. § 213(a)(1).

Reversed and remanded for further proceedings consistent with this opinion.

Before WRIGHT, Circuit Judge.

## ORDER

On June 7, 1986, Defendant-Appellee filed its bill of costs, reflecting the sum of $300 allowed as costs by the Supreme Court and an additional $195.60 as costs on appeal in this court.

IT IS ORDERED that the appellee, Icicle Seafoods, is allowed its costs as fixed by the Supreme Court of $300, to be taxed

against the appellants Worthington, Cameron, Davey and Kent.

In light of the opinion filed this day, the allowance of costs incurred in this court will be deferred pending action in the district court.