Jerry GIEG, Plaintiff–Appellant,

v.

Woody HOWARTH, an individual; DDR, Inc., an Oregon corporation, dba Courtesy Ford, Defendants–Appellees,

and

John Sullivan, an individual, Defendant.

No. 00–35247.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2001

Filed March 30, 2001

Jacqueline Koch, Koch & Deering, Portland, Oregon, and J. Dana Pinney, Bailey, Pinney & Associates, Tualatin, Oregon, attorneys for the appellant.

Robert V. Schnitz, Fisher & Phillips, Newport Beach, California, and Christopher P. Koback, Davis Wright Tremaine, Portland, Oregon, attorneys for the appellees.

Before: PREGERSON, THOMAS and GOULD, Circuit Judges.

THOMAS, Circuit Judge:

In this appeal, we are asked to determine whether a "finance writer" employed by an auto dealership qualifies as a vehicle salesman or serviceman within the overtime exemption of 29 U.S.C. § 213(b)(10). Under the circumstances of this case, we conclude that the position is not exempt, and reverse the judgment of the district court.

I

Jerry Gieg worked for Courtesy Ford, Inc., an automotive dealership located in Portland, Oregon. He was employed for several months in 1998 as a "Finance Writer," also described as a "Finance and Insurance Manager." As described by the dealership, his duties included securing the customers' signatures on the final sales order, determining the appropriate type of financing for the customer, preparing the necessary paperwork to secure the financ-

ing, selling credit-life insurance and selling other products to the customer, such as service contracts. Gieg performed these duties after a customer had met with a salesperson and decided to purchase a vehicle. Courtesy Ford paid Gieg a fifteen percent commission on the sales of the additional products he sold; he did not receive any commission from the sale of the car itself. Occasionally, Gieg sold products to customers who were not buying a car from Courtesy Ford.

Gieg received a "draw" of $2,000 on the fifteenth day of each month as an advance on expected monthly commissions. On approximately the fifth day of the next month, Gieg received a check for any amount he had earned in commissions during the previous month less the paid advance. The check would also reflect any adjustments made to Gieg's commissions based on any changes in the order that occurred within ninety days of the sale, such as a denial of financing.

Gieg was employed by Courtesy Ford from June 10, 1998, until September 22, 1998, when he was fired. At the manager's request, he worked a few days following his termination to complete work on some files. Gieg then brought this action, claiming that the defendants had violated the Fair Labor Standards Act ("FSLA" or "the Act") and Oregon wage and hour laws. Both parties moved for summary judgment. The district court granted defendants' motion for summary judgment on Gieg's overtime claim under 29 U.S.C. § 207 on the ground that Gieg was exempt under 29 U.S.C. § 213(b)(10). A jury found for the defendants on the remaining claims. Gieg timely appealed.

## II

FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. § 207(a)(1). The Act exempts certain employees from the overtime requirements.

However, an "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies...." *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir.1983) (per curiam). Exemptions from the Act are to be "narrowly construed, giving due regard to the plain meaning of statutory language and the intent of Congress." *Id.* (quotation omitted).

■ At issue in this case is the so-called "car salesman" exemption which exempts "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a non-manufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers." 29 U.S.C. § 213(b)(10)(A). By its terms, the exemption plainly applies only to the sales and servicing of automobiles; the language does not apply to commissions based on insurance sales or the procurement of financing.

■ The statutory history of § 213(b)(10) supports this construction. Prior to adoption of the present language in 1966, the Act exempted "*any* employee of a retail or service establishment which is primarily engaged in the business of selling automobiles, trucks, or farm implements" from both minimum wage and overtime requirements. 29 U.S.C. § 213(a)(19) (1964) (emphasis added); *see also Brennan v. Deel Motors, Inc.*, 475 F.2d 1095, 1096 n. 1 (5th Cir.1973). The 1966 amendments repealed this inclusive provision and enacted the present subsection which restricts the exemption to "salesmen, partsmen and mechanics primarily engaged in selling or servicing automobiles." Pub.L. No. 89–601, §§ 209(b), 212(a) (1966). "When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect." *Stone v. INS*, 514 U.S. 386, 397, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Thus, we must presume that in the pas-

sage of the 1966 amendments, Congress intended to narrow significantly the reach of the automobile dealership employee exemption. Other circuits have reached a similar conclusion. *See, e.g., Brennan v. Bill Kirk's Volkswagen,* 497 F.2d 892, 893–94 (4th Cir.1974) (holding that an employee who primarily buffed, painted, and washed cars was not a mechanic under § 213(b)(10)); *Shultz v. La. Trailer Sales, Inc.,* 428 F.2d 61, 66–67 (5th Cir.1970) (holding that mechanics who convert purchased trailers to stationary structures are not mechanics within the meaning of the exemption of § 213(b)(10)).

It certainly may be argued that the dealership business has substantially changed since 1966, particularly in its methods of obtaining financing for customers and offering profitable services ancillary to the car sales. However, those arguments are for Congress to consider. The "unambiguously expressed intent of Congress" binds us. *Food and Drug Admin. v. Brown & Williamson Tobacco Corp.,* 529 U.S. 120, 132, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000). In this instance, we are left with the unambiguous language of the statute, which does not include employees whose primary duties are selling financing and warranties, not vehicles.

### III

The district court did not err in concluding that the adjustments to Gieg's termination check were appropriate. Under Oregon law, employers can withhold payment of final commissions until the employer has obtained information from third parties that is necessary to calculate the commission. *Reed v. Curry–Kropp–Cates, Inc.,* 61 Or.App. 520, 658 P.2d 531, 533 (1983).

### IV

In sum, we reverse the district court's grant of summary judgment based on application of 29 U.S.C. § 213(b)(10). We affirm the judgment of the district court in all other respects. Each party shall bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**