**Mose Garlin STARRETT, Appellant,**

v.

**Bobby BRUCE, doing business as Bruce Trucking Company, Appellee.**

No. 9362.

United States Court of Appeals Tenth Circuit.

March 15, 1968.

Jeff R. Laird, Sulphur, Okl., for appellant.

Phil S. Hurst, of Reed & Hurst, Sulphur, Okl., for appellee.

Robert E. Nagle, Attorney, United States Department of Labor, Washington, D. C. (Charles Donahue, Solicitor of Labor, Bessie Margolin, Associate Solicitor, Caruthers G. Berger, Attorney, Major J. Parmenter, Regional Attorney, on the brief), for W. Willard Wirtz, Secretary of Labor, amicus curiae.

Before WILBUR K. MILLER, Senior Circuit Judge,* and BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant, Mose Garlin Starrett, brought this action under section 16(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 216(b)) to recover overtime compensation together with liquidated damages and attorney's fee. The case was submitted to the trial court on stipulated facts, it entered judgment for the defendant, and this appeal was taken.

The trial court held that appellant's hours were subject to regulation by the Interstate Commerce Commission and section 7 of the Fair Labor Standards Act does not apply. The appeal thus presents the question whether the Interstate Commerce Commission has the power, under section 204 of the Motor Carrier Act of 1935 to establish qualifications and maximum hours of service with respect to this appellant, thereby removing him from the coverage of the Fair Labor Standards Act.

During the period concerned in this suit, April 21, 1964, through February 28, 1965, appellee, Bruce Trucking Company, employed appellant Starrett as a truck driver engaged in the transportation and delivery of crushed rock from crusher plants located in Oklahoma to contractors at various points within Oklahoma for use in the building, maintenance, and repair of roadways for the carriage of persons and goods that move in interstate commerce. The parties stipulated that this constituted "production of goods for commerce" within the meaning of the Fair Labor Standards Act.

Appellee employed appellant for workweeks longer than forty hours paying him at a fixed rate per haul regardless of the number of hours worked in each week. Appellant worked less than or more than forty hours per week depending upon the number and length of hauls he made during any given week. The parties also stipulated that appellant was paid more than the minimum hourly rates prescribed by the Fair Labor Standards Act.

Appellee operated his business from June 1962 until the time of this suit as a common and contract motor carrier. He derived approximately two per cent of his revenues from interstate transportation during the total four years that he had operated as a carrier of road materials. During the period of the appellant's employment, however, appellee engaged in no interstate transportation. The facts further show that Bruce had never obtained nor sought a certificate of general exemption from compliance with the Motor Carrier Act of 1935. The parties agree however that appellee during the entire period of his operation held himself out as being available for interstate hauls, solicited interstate business, and would have handled any interstate shipments received. Also had there been any interstate trips, these trips would be shared indiscriminately by all of the drivers, including the appellant.

The Secretary of Labor as amicus curiae argues that during the period of appellant's employment, appellee was not actually a common carrier engaged in transportation in interstate or foreign commerce. He contends that the stipulated facts merely indicate in a generalized way that appellee was available to handle, and solicited, interstate shipments, but provided no indication of an actual public undertaking to furnish interstate service at uniform rates, within any particular interstate area, or under any other terms or conditions to which he might have been held by a shipper seeking his services. The argument of the Secretary is pointed to the fact that appellee had failed to qualify under the Interstate Commerce Commission's regulations, and that during the period of

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

appellant's employment, appellee actually received no orders from interstate customers. Neither point however serves to dispose of the case.

Section 203(a) (14) of the Motor Carrier Act defines the term "common carrier by motor vehicle" as any person who holds himself out to the general public to engage in the transportation by motor vehicle in interstate commerce of property for compensation. The statutory definition of "common carrier by motor vehicle" stresses not what a person does but what he holds himself out to do. Interstate Commerce Commission v. AAA Con Drivers Exchange, Inc., 340 F.2d 820 (2d Cir. 1965). The parties agree that although during the period of appellant's employment, appellee derived no income from transportation of goods in interstate commerce, he held himself out to the general public as being available for interstate hauls and actively solicited interstate business. The evidence further shows that appellee had previously made interstate shipments.

■ It is the existence of the power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act, rather than the conditions or qualifications established by the Interstate Commerce Commission in the exercise of that power that Congress has made the test as to whether or not section 7 of the Fair Labor Standards Act is applicable to the employees. Morris v. McComb, 332 U.S. 422, 68 S.Ct. 131, 92 L.Ed. 44 (1947); Bumgarner v. Joe Brown Co., 376 F.2d 749 (10th Cir. 1967); Wirtz v. Caddell Transit Corp., 253 F.Supp. 378 (W.D.Okl.1966). Thus it is not only those carriers that successfully obtain interstate business on a more regular basis, but also those such as the appellee that are subject to the jurisdiction of the Interstate Commerce Commission.

■ The appellant and the Secretary further contend that regardless of appellee's status as a common carrier

in interstate commerce, appellant performed no interstate driving, and was not subject to the jurisdiction of the Interstate Commerce Commission. It is however the character of the employee's activities rather than the proportion of either his time or his activities that determines the actual need for the Commission's power to establish qualifications and maximum hours of service. Morris v. McComb, supra; Levinson v. Spector Motor Service, 330 U.S. 649, 67 S.Ct. 931, 91 L.Ed. 1158 (1947). The Interstate Commerce Commission is concerned with the maintenance of safety in interstate and foreign commerce, and its restrictions on the number of hours which those who so engage may work in any one workweek is obviously intended to prevent accidents due to fatigue, without regard to consideration of adequacy of compensation. Cf. Walling v. Comet Carriers, 151 F.2d 107 (2d Cir. 1945). As a practical matter it is not the amount of time an employee spends in work affecting safety, rather it is what he may do in the time thus spent, whether it be large or small, that determines the effect on safety. Ten minutes of driving by an unqualified driver could do more harm on the highway than a month of driving by a qualified one. Levinson v. Spector Motor Service, supra, dissenting opinion, 330 U.S. at p. 687, 67 S.Ct. at p. 950.

■ Section 204 of the Motor Carrier Act is limited in its effect to those employees whose activities affect the safety of operation of motor vehicles engaged in interstate commerce. All of appellee's truck drivers were assigned work indiscriminately and all would have actually driven in interstate commerce if such hauls had been obtained by appellee. Even those drivers such as appellant who had never handled an interstate shipment were subject to be assigned an interstate trip. Appellant was admittedly a truck driver, and if the appellee had been successful in obtaining the interstate shipments he sought during this period, appellant would have driven in interstate commerce. There can be

no doubt that this activity would have affected the safety of operation in interstate commerce.

 Thus appellant was engaged in work subject to the jurisdiction of the Interstate Commerce Commission, and although such jurisdiction was not exercised, its existence excludes him from coverage by the Fair Labor Standards Act. This also holds true despite the fact that his employer may not actually be regulated, and in fact may hold himself out to do business for which he has no certificate. As the trial court indicated, this is the way the statute is worded, and apparently the result Congress intended.

Affirmed.