**Ann McLAUGHLIN, Secretary of Labor, United States Department of Labor**

v.

**Thomas F. BRENNAN and Helen L. Brennan trading and doing business as Brennan Truck and Auto Repair.**

**Civ. A. No. 88–75 Erie.**

United States District Court, W.D. Pennsylvania.

Nov. 16, 1988.

J. Alan Johnson, U.S. Atty., Michael H. Rosenthal, Dept. of Labor, Office of the Sol., Philadelphia, Pa., for plaintiff.

Thomas D. MacMullan, MacMullan & Associates, P.C., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff brings this action against defendants seeking damages for alleged violations, and to enjoin future violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. Defendants have filed a motion for summary judgment alleging that their mechanics are exempt from the overtime provisions. Plaintiff has filed a cross-motion on this same issue. Having found no question of material fact to exist, we now address these motions.

An exemption from the overtime provisions of the FLSA exists for "any employee with respect to whom the Secretary of Transportation has power to establish minimum qualifications and maximum hours of service pursuant to the provisions of Section 304 of Title 49." Section 304 of Title 49 was repealed in 1983 and its provisions reenacted in 49 U.S.C. § 3102. Section 3102(b)(1) provides that the Secretary may prescribe requirements for:

> qualifications and maximum hours of service of employees of ... a *motor carrier*; ...

(emphasis added). Pursuant to 49 U.S.C. § 3101, the term "motor carrier" in Section 3102, has the same meaning as given to it in 49 U.S.C. § 10102. Section 10102(13) defines "motor carrier" as "a motor common carrier and a motor contract carrier." A "motor common carrier" is further defined in Section 10102(14) as:

a person holding itself out to the general public to provide motor vehicle transportation for compensation over regular or irregular routes, or both.

A "motor contract carrier" is further defined in Section 10102(15) as:

.    .    .    .    .

(B) a person providing motor vehicle transportation of property for compensation under continuing agreements with one or more persons—

(i) by assigning motor vehicles for a continuing period of time for the exclusive use of such person; or

(ii) designed to meet the distinct needs of each such person.

Therefore, in order for defendants' employees to be exempt from the overtime provisions of the Act, defendants must qualify as either a "motor common carrier" or a "motor contract carrier."

Although defendants ask the Court to find them an exempt "motor carrier," they do not specify which type of "motor carrier" they profess to be. We will, therefore, examine whether they qualify under either category.

Defendants have presented and rely upon a document dated May 12, 1986 and entitled "Interstate Commerce Commission Decision No. MC–191213." That document reads in pertinent part as follows:

Notice of a grant of motor contract authority in this proceeding was published in the *ICC Register* issue of March 20, 1986. Because of the unopposed status of this proceeding, the published grant of authority is now the final action of the Commission.

This decision does not constitute authority to operate. Operations may begin only following the issuance of a permit which will be issued once compliance is made in the following requirements which are explained in the *Code of Federal Regulations.*

*It is Ordered:*

Applicant must comply with the requirements pertaining to the appropriate insurance coverage (liability: ICC form BMC–91 or BMC–91X) (49 CFR 1043),

and the designation of agents upon whom process may be served (ICC Form BOC3) (49 CFR 1044).... Compliance with these requirements must be accomplished before the final authority will be issued.

Plaintiff maintains that this ICC decision grants defendants only *conditional* "motor contract carrier" authority. We agree. Defendants failed to file any proof of insurance as required, and therefore were never issued a permit. As a result, they were not entitled to begin operations as a "motor contract carrier." In addition, defendants have presented no evidence that they engaged in any contract carrying. In response to plaintiff's discovery requests, defendants produced only one contract. That contract was a leasing agreement between defendants and Chemical Leaman Truck Lines, Inc. which clearly designates Chemical Leaman as the "carrier" and defendants as the "owner". Defendants clearly are not exempted from the Fair Labor Standards Act by virtue of their status as lessor to an interstate carrier. *Boutell v. Walling,* 327 U.S. 463, 467–68, 66 S.Ct. 631, 633–34, 90 L.Ed. 786 (1946); *Hodgson v. Ellis Transportation Company,* 456 F.2d 937, 939 (9th Cir.1972); and *Wirtz v. Dependable Trucking Company,* 260 F.Supp. 240, 242 (D.N.J.1966).

In spite of the fact that defendants did not handle freight utilizing any ICC rights, they argue that we should nevertheless find them exempt from the FLSA overtime provisions because they held themselves out as an ICC carrier, and "would have handled freight utilizing their ICC rights if they had received a sufficient volume of business to enable them to purchase the insurance." *See Brennan v. Aksland,* 23 WH cases 484 (E.D.CA 1977) *affd. Marshall v. Aksland,* 631 F.2d 600 (9th Cir.1980); and *Brennan v. Schwerman Trucking Co.,* 540 F.2d 1200 (4th Cir.1976). We find this irrelevant to the question of whether they qualify as a "motor contract carrier." The "holding out" concept does not apply to "contract carriers." There is no such language in the definition of such carriers as there is in the

definition of "common carriers." Defendants must actually perform the kind of transportation specified in the definition of "motor contract carrier" before they can attain that status. *Brock v. Pacific Vacuum Truck Co.,* 27 WH cases 1617, 1623 (C.D.CA 1987) [1987 WL 13666].

■ While the concept of "holding out" has no relevance to determining "contract carrier" status, it is by definition the critical element in determining "common carrier" status. As the definition indicates, a person must "hold itself out" to the general public to provide motor vehicle transportation to qualify as such a carrier. A failure of a person to hold itself out in good faith, however, "defeats any attempt by it to claim that it is a motor common carrier." *Pacific Vacuum,* 27 WH cases at 1622. Upon careful consideration, we find that defendants have not held themselves out in good faith. In reaching such a determination we rely upon the following factors: 1) defendants do not possess nor does it appear that they ever applied for an ICC common carrier certificate; 2) defendants have not published and filed tariffs with the ICC as required by 49 U.S.C. § 10762; 3) defendants have failed to file proof of insurance as required by 49 U.S.C. § 10927; and 4) the sole evidence of any "holding out" by defendants is a yellow page advertisement, of which no evidence has been presented as to what years it ran.

Having found that defendants have failed to establish that they qualify as either a "motor contract carrier" or a "motor common carrier," we conclude as a matter of law, that their mechanics are not exempt from the overtime provisions of the FLSA. Accordingly we deny defendants' motion for summary judgment and grant plaintiff's cross motion.