OPINION
This matter presents a timely appeal from a judgment rendered by the Youngstown Municipal Court, Small Claims Division, Youngstown, Mahoning County, Ohio, finding against defendant-appellant, York-Mahoning Mechanical Contractors, Inc., and awarding plaintiff-appellee, Robert D. Fookes, Jr., $1,135.52 for overtime pay and liquidated damages, plus court costs.
Appellee drove a truck for appellant from approximately August 10, 1995 to October 17, 1996. Appellee worked over forty hours per week during this period, but was only paid his normal rate instead of one and one-half times his pay for overtime. Appellee claimed appellant violated Section 207, Title 29, U.S. Code by refusing to pay him over his normal rate for said overtime, and subsequently filed a pro se complaint against appellant on July 8, 1997.
Appellant filed a motion to dismiss for lack of subject matter jurisdiction on August 12, 1997. However, the court magistrate overruled this motion on September 24, 1997 and set a hearing for November 5, 1997. On the date of the hearing, appellant's counsel was in Pittsburgh and told his secretary ("counsel's secretary") to call the magistrate and request that the hearing be continued, or at the very least, that this case be called at the end of the docket. Counsel's secretary called the magistrate's office and spoke to the magistrate's secretary who directed the call to one, Marleah Stanish. Ms. Stanish was at lunch when the call arrived and counsel's secretary explained the situation to the person who answered the phone. This person stated that Ms. Stanish would return the call later. Ms. Stanish thereafter called counsel's secretary back and informed her that the hearing had gone on exparte and that judgment had been granted to appellee.
The magistrate entered judgment in this case on November 24, 1997, and same was ultimately signed by the trial judge. Appellant requested that the magistrate file findings of fact and conclusions of law, but before the magistrate was able to do so, appellant filed a notice of appeal on December 22, 1997. On January 23, 1998, the magistrate filed his findings of fact, conclusions of law and amended judgment entry. On June 25, 1998, appellant filed, with this court, a motion to remand the case to the lower court with instructions to permit the filing of objections. This court denied the motion, stating that appellant was aware of how long this matter had been pending, and that it now had sole jurisdiction over the matter.
Appellant's sole assignment of error on appeal alleges:
 "The lower court's (magistrate's) judgment and specific finding, that `[York-Mahoning] is not licensed with P.U.C.O. to operate as an interstate trucking company [and therefore is] not entitled to any motor carrier act exemption' constituted error as a matter of law, as such judgment and finding is inconsistent with the Fair Labor Standards Act, the Motor Carrier Act, Title 29 of the Code of Federal Regulations, Chapter V, Part 782, as established by the Secretary of Labor, and several United States Supreme Court decisions.
We find that appellant is precluded from setting forth any argument under his sole assignment of error on appeal as appellant failed to adhere to the proper civil procedure in this case. First, neither appellant nor appellant's counsel were present at the hearing. Therefore, the court magistrate properly conducted an ex parte hearing. The Ohio Supreme Court in OhioValley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986),28 Ohio St.3d 118, 123, has held that an ex parte hearing is appropriate when one party fails to appear at trial, stating:
 "We therefore hold that when a party who has filed a responsive pleading to a pleading seeking affirmative relief fails to appear for trial, no default within the meaning of Civ.R. 55(A) occurs, and the trial court is not required to give seven days' notice to the absent party before allowing the party seeking relief to proceed with an ex parte trial."
Appellant argues that the magistrate should not have conducted an ex parte hearing as his counsel " s secretary contacted the magistrate's office and then contacted Ms. Stanish, and was told that Ms. Stanish would return the telephone call. However, appellant states that such call did not come until after the ex parte hearing had concluded. Appellant contends the within situation is similar to that presented in Apel v. Katz (April 29, 1993), Cuyahoga App. No. 63084, unreported, where the appellate court found the trial court to be in error for conducting an ex parte trial. However, the facts in the case at bar are not analogous. In Apel, supra, counsel was told that the trial court would be unavailable to hear the case and a visiting judge would have to be obtained. The bailiff stated he would contact counsel when a visiting judge was obtained and then counsel could come to the courthouse. The bailiff never called counsel when a visiting judge was found, and the trial proceeded ex parte. In the present case, appellant's counsel knew of the trial date, but was in Pittsburgh at the time. He had his secretary attempt to continue the trial, or at least have it called at the end of the docket. The hearing was called at the end of the docket, and the record indicates that the court magistrate overruled the motion to continue. Although the magistrate complied with the request of appellant's counsel by calling the hearing at the end of the court's daily docket, appellant and his counsel still failed to appear. Therefore, the magistrate did not err in proceeding ex parte.
Additionally, appellant did not follow the proper civil procedure by filing objections to the magistrate's decision. Civ.R. 53(E)(3) provides the proper procedure for filing objections to a magistrate's decision, as follows:
 "(a) Time for Filing. Within Fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ.R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.
 "(b) Form of Objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
(Emphasis added).
In Moraine v. Steger Motors, Inc. (1996), 111 Ohio App.3d 265, the appellate court cited Civ.R. 53(E) in refusing to consider an alleged error against a magistrate, because counsel did not first file objections before the trial court. Since appellant did not follow the requirements set forth in Civ.R. 53(E) by filing objections to the magistrate's decision before the trial court, this court need not now consider any alleged error offered by appellant as to the magistrate's decision.
Appellant argues that under App.R. 4(C), his premature appeal could not, in itself, lead to error. Appellant contends that he was concerned the appeal time would expire, thus causing him to appeal prematurely and not first file objections to the magistrate's decision before the trial court. However, as this court noted in denying appellant's motion to remand, App.R. 4(B)(2) lists exceptions to the thirty day appeal time, as follows:
 "Civil or Juvenile Post-judgment Motion. In a civil case or juvenile proceeding, if a party files a timely motion for judgment under Civ.R. 50(B), a new trial under Civ.R. 59(B), vacating or modifying a judgment by an objection to a magistrate's decision under Civ.R. 53(E)(4)(c) or Rule 40(E)(4)(c) of the Ohio rules of Juvenile Procedure, or findings of fact and conclusions of law under Civ.R. 52, the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered."
Appellant should not have feared the running of the appeal time and should have filed objections to the magistrate's decision before the trial court, as pursuant to App.R. 4(B)(2), the appeal time would not run until the trial court heard and disposed of such objections.
Given that the court magistrate properly conducted an ex parte hearing, and since appellant did not first file objections to the magistrate's decision before the trial court prior to appeal, this court need not now consider appellant's arguments under the within assignment of error. Civ.R. 53(E).
However, even assuming arguendo, that this court did review appellant's assignment of error, it would nonetheless fail.
Section 207(a)(1), Title 29, U.S. Code requires an employer to pay an employee one and one-half times the employee's regular pay rate for a work week longer than forty hours. However, appellant argues that the exception under Section 213(b), Title 29, U.S. Code applies. Section 213(b)(1), Title 29, U.S. Code states that Section 207 does not apply to employees over whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service. Appellant further argues that under Section 13501, Title 49, U.S. Code, the Secretary of Transportation has jurisdiction over a motor carrier to the extent that the motor carrier transports passengers, property, or both, between states.
Appellant argues that appellee admitted to making out-of-state trips, therefore, appellee is the employee of a motor private carrier under Section 13102, Title 49, U.S. Code. Appellant maintains that since appellee is an employee of a private motor carrier, the Secretary of Transportation has the power to prescribe qualifications under Section 31502, Title 49, U.S. Code. Appellant further argues that since the Secretary of Transportation may prescribe qualifications, appellee falls within the exception under Section 213, Title 29, U.S. Code.
Appellant did not have an interstate license with the Public Utilities Commission of Ohio (P.U.C.O.), Interstate Commerce Commission (I.C.C.) or United States Department of Transportation (U.S.D.O.T.). Therefore, appellant could not transport property from one state to another. In McLaughlin v. Brennan (1988),700 F. Supp. 272, the court found that the defendant was not properly registered with the I.C.C., and thus, the exception under Section 213, Title 29, U.S. Code, did not apply.
Furthermore, appellant paid the rate mandated by Section 207, Title 29, U.S. Code for any hours over forty-five, which appellee worked per week. If appellant truly thought it was exempt from this rate, then it would not have paid any overtime at all. Therefore, to allow appellant to only pay overtime for hours worked over forty-five is against public policy and represents a miscarriage of justice.
Appellant's sole assignment of error on appeal is found to be without merit.
The judgment of the trial court is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE