Elaine I., CHAO, Secretary of Labor,
United States Department of
Labor, Plaintiff

v.

FIRST CLASS COACH COMPANY,
INC., Defendant.

No. 6:00–CV–1572–ORL–28JGG.

United States District Court,
M.D. Florida,
Orlando Division.

June 5, 2002.

Ann G. Paschall, Robert L. Walter, Atlanta, GA, for plaintiff.

Truett Scott Frazier, Terry & Frazier, LLP, Orlando, FL, Jeremy Kahn, Kahn and Kahn, Washington, DC, for defendant.

## ORDER

ANTOON, District Judge.

This cause is before the Court on Defendant First Class Coach Company's Application for an Award of Fees and Other Expenses Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 69, filed February 14, 2002).

The United States Magistrate Judge has issued a Report and Recommendation (Doc. 81, filed May 9, 2002) recommending that the motion be granted and that Defendant First Class be awarded $24,495.51 in attorney's fees and costs. Plaintiff has filed Objections (Doc. 82) to the Magistrate Judge's Report, and Defendant First Class has filed a Response (Doc. 83) to those objections.

After a review of the record in this matter, including the objections filed by Plaintiff and the Response filed by Defendant First Class, the court agrees with the findings and conclusions in the Report and Recommendation. As noted in First Class's Response (Doc. 83), in the Objections to the Report (Doc. 82) Plaintiff merely reargues the unavailing position that she has maintained throughout this case. The Court agrees with the conclusion in the Report of the Magistrate Judge that the Secretary's position in this case was not substantially justified and that therefore First Class is entitled to its fees and costs under 28 U.S.C. § 2412.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant First Class Coach Company's Application for an Award of Fees and Other Expenses Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 69, filed February 14, 2002) is **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Defendant First Class Coach Company, Inc. For $24,495.51 in attorney's fees and costs as set forth in the Report and Recommendation (Doc. 81).

## REPORT AND RECOMMENDATION

GLAZEBROOK, United Stated Magistrate Judge.

Elaine Chao, Secretary of Labor ("DOL" or "the Secretary"), brought this action against First Class Coach Company, Inc. ("First Class"), seeking an injunction and recovery of unpaid overtime compensation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("the FSLA"). DOL claimed that certain of First Class's employee drivers were not exempt from the overtime provision of the FLSA and that First Class had violated the FLSA by not paying those drivers time and a half when they worked

more than forty hours in a week. This Court granted summary judgment on behalf of First Class after finding that First Class's drivers indeed were exempted from the FLSA's overtime provisions. First Class now moves for an award of attorney's fees and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Docket No. 69.

## I. *THE LAW*

### A. Applicable FLSA Provisions

Section 7 of the FLSA provides for the payment of overtime compensation, of not less than one and one-half times the regular rate, to employees who work more than 40 hours per week. 29 U.S.C. § 207(a)(1). When a motor carrier is engaged in *purely* intra-state operations, the Secretary of Labor has jurisdiction under the FLSA and the overtime compensation applies. *Reich v. American Driver Service, Inc.,* 33 F.3d 1153 (9th Cir.1994).

However, there are exemptions from the overtime provisions, including the exemption upon which First Class relied in the instant case pertaining to employees engaged in the transportation industry as drivers for motor carriers. The exemption provides. "The provisions of section 207 [maximum hours] of this title shall not apply with respect to ... any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1) (the "13(b)(1) exemption" or the "motor carrier exemption"). Section 31502 of Title 49, in turn, grants to the Secretary of Transportation the power to regulate the qualifications and maximum number of hours for employees of motor carriers engaged in *interstate* transportation.

### B. The Equal Access to Justice Act

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, provides that an eligible prevailing party in litigation against the United States is entitled to an award of attorney's fees unless the position of the United States was substantially justified or especial circumstances exist which would make an award unjust.[1] 28 U.S.C. § 2412(d)(1)(A). The EAJA was enacted to remedy the unfortunate economic reality that many individuals lack the financial resources to defend themselves against obdurate government action. *Myers v. Sullivan,* 916 F.2d 659, 665–66 (11th Cir.1990). By allowing individuals to recover their attorney's fees in cases in which the government's position was not "substantially justified." Congress sought to ensure that individuals would not be forced to sit idly when confronted with unreasonable government conduct. *Myers,* 916 F.2d at 665–66.

■■■ A loss by the government does not raise the presumption that the government's position was not substantially justified. *Ashburn v. United States,* 740 F.2d 843, 848 (11th Cir.1984). Substantially justified means "justified in substance or in the a main–that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). As explained by the Eleventh Circuit:

An examination of whether the government's position was substantially justified encompasses an evaluation of both the agency's prelitigation conduct and the subsequent litigation positions.... Under this inquiry, it is not sufficient for the government to show that some of its earlier positions or arguments were valid. Unless the government can estab-

---

1. A corporation is an "eligible party" for EAJA award purposes if it has less than 500 employees and a net worth of less than seven million dollars at the time the action is filed. 28 U.S.C. § 2412(d)(2)(B)(ii).

lish that all of its positions ere substantially justified, the claimant is entitled to receive attorney's fees.

*Myers*, 916 F.2d at 666 n. 5.

## II. DISCUSSION

### A. Background

First Class is a Florida based, interstate bus company engaged in a number of different bus transportation services out of its Orlando, Florida location. Some of these include bus transportation performed wholly in the Orlando, Florida area, carrying tourists between the airport, their hotels, and Orlando area tourist sites and some include more long distance bus services.

In 1998, the DOL began an investigation of certain of First Class's employee payment practices. In November 1998, First Class requested DOL either to drop the investigation or to bring a formal complaint in which First Class could defend its legal position. DOL made no further move until the beginning of 2000 when DOL requested First Class to waive the statute of limitations on any future enforcement claim. When First Class refused, on February 16, 2000, DOL brought this enforcement action under the FLSA against First Class. DOL claimed that First Class should have been paying its local drivers overtime when they worked more than 40 hours each week. First Class, however, argued that its pay practices were proper under the statutory FLSA motor carrier exemption.

First Class' operation, whether measured by number of trips or revenue, is overwhelmingly interstate in nature. DOL conceded that drivers of First Class's *interstate services* were covered by a FLSA exemption. DOL's enforcement action, therefore, was directed only to a very small number of First Class drivers who drove the local I–Ride trolley-shuttle service operating along the International Drive tourist area in Orlando.[2]

On March 15, 2000, rather than file an answer to the DOL complaint, First Class filed a motion for summary judgment. Docket No. 4. DOL responded that the Motion was premature, and sought discovery, which the Court allowed. Docket No. 9. On October 19, 2000, First Class then renewed its summary judgment motion and DOL responded with its own motion for partial summary judgment. Docket No. 19.

The cross-motions were heard at oral argument before Judge John Antoon II on September 4, 2001. Docket No. 60. The gravamen of the dispute was the application of the FLSA's "motor carrier" or "13(b)(1)" exemption to these First Class I–Ride drivers. On October 1, 2001, Judge Antoon granted First Class motion for summary judgment and dismissed DOL's complaint. Docket No. 61. In his decision, Judge Antoon began with acknowledgment of the heavy burden to be born by a motor carrier claiming exemption from FLSA.[3] Yet, even acknowledging

---

**2.** DOL initially included in its enforcement action and the complaint drivers of the "Universal" service, which involves local shuttle service provided under a contract with a tour wholesaler selling all-inclusive packages to the Orlando area to out-of-state and foreign tourists. However, at oral argument on the summary judgment motions, DOL conceded the Universal drivers drive interstate routes because part of their service involves carrying passengers to and from airports and seaports.

**3.** Because the FLSA is remedial, it is to be broadly construed. *Antenor v. D & S Farms*, 88 F.3d 925 (11th Cir.1996). Exemptions to the FLSA are to be construed strictly against the employer and in favor of the employee. *Mitchell v. Ky. Fin. Co.*, 359 U.S. 290, 79 S.Ct. 756, 3 L.Ed.2d 815 (1959). It is the employer's burden to establish the exemption applies. *Reich v. Am. Driver Serv., Inc.*, 33 F.3d 1153 (9th Cir.1994).

that burden, after he analyzed First Class operation and argument at length, Judge Antoon concluded that the motor carrier exemption did apply to its I–Ride drivers.

Judge Antoon examined First Class's substantial interstate business as a company, finding First Class performed more than 10,000 interstate trips annually, and that a substantial portion of the company's revenue was derived from its interstate operations. He found the dispute only involved a small handful of the nearly 150 drivers which First Class employed on average. Judge Antoon then turned to the I–Ride drivers, the only class of drivers at issue, and reasoned they are covered by the exemption for two reasons.

First, Judge Antoon found that the I–Ride drivers are covered by the exemption because they operate in the continuous stream of interstate commerce. The concept that travel within a single state may be characterized as a portion of interstate transportation is not a new one. *U.S. v. Yellow Cab Co.*, 332 U.S. 218, 228, 67 S.Ct. 1560, 91 L.Ed. 2010 (1947), *overruled on other grounds, Copperweld v. Independence Tube Corp.*, 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984). Relying on longstanding precedent advanced by First Class, as well as the concession by DOL that the First Class Universal service was to be characterized as "interstate" by reason of the out-of-state purchase of all-inclusive tickets including local transportation, Judge Antoon concluded that the out-of-state sale of I–Ride tickets was enough to bring the entire I–Ride service and all of its drivers under the "interstate" umbrella.

Second, and in the alternative, Judge Antoon analyzed the steps that First Class takes to qualify its drivers under DOT safety regulations and concluded they were all reasonably expected to be involved in interstate commerce in the future, regardless of whether they had done so in the past. He found this sufficient to invoke the motor carrier exemption without regard to the "stream of interstate commerce" issue.

Judge Antoon ruled in favor of First Class, ordering DOL's complaint be dismissed. Docket No. 61. DOL filed a timely notice of appeal of that decision, but then quickly filed a voluntary dismissal, leading to an entry of dismissal by the United States Court of Federal Appeals for the Eleventh Circuit Court on January 16, 2002. First Class thereupon filed the present motion for attorney's fees [Docket No. 69], to which DOL replied [Docket No. 71]. On April 22, 2002, this Court held a hearing on the matter. Docket No. 78.

**B. Analysis**

■ It is uncontested that First Class is the prevailing party under the EAJA. It is also uncontested that First Class qualifies as an eligible party under the EAJA, because it has a net worth of less than $7 million and employs less than 500 persons. *See* 28 U.S.C. § 2412(d)(2)(B). Moreover, the DOL does not contest either the number of hours expended by First Class's attorney or the hourly rate of $225 requested by First Class's attorney.[4]

■ The DOL's sole contention is that First Class is not entitled to recover fees under the EAJA because the DOL's position against First Class "was substantially justified." The DOL is mistaken. First Class was substantially engaged in the interstate transportation of persons. First Class drivers made thousands of interstate

---

4. The EAJA provides a statutory maximum rate for counsel of $125 per hour. 28 U.S.C. § 2412(d)(2)(A). However, this Court finds that the rate of $225 her hour requested by First Class's counsel is justifiable due to the specialized area of the law and the attorney's expertise in that area. *See Pollgreen v. Morris*, 911 F.2d 527, 538 (11th Cir.1990).

trips annually. The charter trips, Amtrak trips, and local transfer trips all involve interstate travel.

As to the I–Ride service, it is well-established that transportation performed within the confines of a single state may be "interstate" for purposes of DOT safety regulation. Here, First Class's I–Ride service, although wholly within Florida, was nevertheless "interstate" service. At least 5–10% of the I–Ride tickets were marketed and sold to groups outside the state of Florida as part of their travel plans. The I–Ride routes clearly were in the stream of interstate travel.

Moreover, at all times relevant to this action, First Class held itself out as an interstate common carrier. As noted by Judge Antoon, in 1986, the Interstate Commerce Commission authorized First Class to operate interstate and foreign commerce as a motor vehicle common motor carrier. Consequently, the Federal Motor Carrier Safety Regulations ("MCSRs") at 49 C.F.R. pt. 390, *et seq.* governed First Class's drivers.[5]

Every First Class driver of every vehicle was subject to the MCSRs, including the regulations relating to relating to "Qualifications of Drivers" at 49 C.F.R. pt. 391 and the "Hours of Service of Drivers" regulations at 49 C.F.R. pt. 395. At all times pertinent to this action, all of First Class's drivers had been properly qualified under the MCSRs, had held commercial driver licenses, and had satisfied the alcohol and drug testing requirements. Not only were all of First Class drivers qualified under the MCSRs, nearly all of the 150 First Class drivers had driven interstate routes. Only a small percentage–a handful of I–Ride drivers–had not driven interstate routes. The fact that I–Ride

drivers were hired and expected to be able and available to drive all routes offered by the company, were subject to being called upon to drive interstate routes, and were expected to comply with federal requirements for interstate drivers exempts them from the FLSA's overtime provisions.

Given the vast number of cases interpreting the "motor carrier" exemption, almost all of which deal with carriers who have some local drivers within the context of an interstate operation, DOL's pursuit of this lawsuit under these facts was unreasonable. DOL pointed to no persuasive authority or cogent argument in support of it's position that I–Ride drivers were not exempt from the FLSA's overtime provisions. Accordingly, it is

**RECOMMENDED** that First Class Motion for Attorney's Fees from DOL [Docket No. 69] be **GRANTED**. It is

**FURTHER RECOMMENDED** that First Class be awarded $24,495.51 in attorneys fees and costs.

Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 6.02 within eleven days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar the aggrieved party from attacking the factual findings on appeal.

**DONE and ORDERED** this 9th day of May, 2002.

---

**5.** The MCSRs set forth rules for driver qualifications, including the requirements that drivers have commercial driver licenses, are medically fit, and test negative for alcohol and drugs. The MCSRs also prescribe the maximum hours which a driver may work per day and per week.